ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LIANA IVONNE DÍAZ VELÁZQUEZ<br>Parte Recurrida<br><br>V.<br><br>AEROSTAR AIRPORT GOLDINGS, LLC, et al.<br>Parte Recurrida<br><br>V.<br><br>HDI GLOBAL INSURANCE COMPANY<br>Parte Peticionaria | TA2025CE00440 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm. SA2024CV00083<br><br>Sobre: Accidentes en establecimientos comerciales, caída |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

**Ortiz Flores, Jueza Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Comparece HDI Global Insurance Company (HDI; peticionaria), ante nos, mediante una *Petición de Certiorari*, presentada y notificada el 11 de septiembre de 2025, en esta misma acompañada de una *Moción en Auxilio de Jurisdicción*. HDI nos solicita que revoquemos la *Resolución* emitida el 12 de mayo de 2025 y notificada el 13 de mayo de 2025 por Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] En el aludido escrito, el TPI declaró **No Ha Lugar** una moción de desestimación presentada y notificada el 21 de enero de 2025.[2]

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El 10 de marzo de 2024, se presentó por la señora Liana Ivonne Díaz Velázquez (Sra. Díaz; demandante) una demanda sobre daños y perjuicios y accidente en la planta física del

---

[1] SUMAC, Entrada Núm. 125 en SA2024CV00083.
[2] SUMAC, Entrada Núm. 70 en SA2024CV00083.

Aeropuerto Luis Muñoz Marín (LLM), contra AEROSTAR AIRPORT GOLDINGS, LLC, (Aerostar y otros; demandados).[3] La demandante alegó que, en horas de la noche del 16 de abril de 2023, tuvo una caída y sufrió daños las facilidades del LMM, las cuales eran operadas por Aerostar y otras partes traídas al pleito, incluyendo a la HDI en este recurso como demandada coparte.

En lo pertinente al recurso ante nuestra consideración, Aerostar presentó la *MOCIÓN DE DESESTIMACIÓN DE DEMANDA DE COPARTE CONTRA HDI GLOBAL INSURANCE COMPANY*, antes citada, en la cual HDI solicita la desestimación con perjuicio de la demanda de coparte presentada en su contra, por Aerostar. Luego de los trámites procesales de rigor, el TPI emitió el 12 de mayo de 2025 y notificó el 13 de mayo de 2025, una Resolución interlocutoria fundamentada, en la cual dispuso en esencia lo siguiente:

> [E]l Tribunal declara no ha lugar, a la moción de desestimación presentada por HDI Global Insurance Company y en consecuencia se le ordena que de inmediato provea defensa y cubierta Aerostar Airport hasta el máximo establecido. Habiendo el Tribunal denegado la moción de desestimación y de conformidad con la Regla 10.1 de Procedimiento Civil, se concede 10 días a HDI Global Insurance Company para contestar la demanda.[4]

Inconforme, HDI notificó una *MOCIÓN DE RECONSIDERACIÓN DE LA RESOLUCIÓN INTERLOCUTORIA DEL 13 DE MAYO DE 2025.*[5] Atendidos varios escritos de las partes, el TPI emitió y notificó el 27 de agosto de 2025 una *Resolución interlocutoria* en la cual declaró no ha lugar la moción de reconsideración de HDI, como sigue:

> El 12 de mayo del 2025, este Tribunal emitió una Resolución declarando no ha lugar, una moción de desestimación presentada por HDI Global Insurance Company. Dicha Resolución fue notificada el 13 de mayo del 2025.
>
> El 28 de mayo del 2025, la codemandada y tercera demandada, HDI Global Insurance Company presento un escrito titulado, Moción De Reconsideración de la

---

[3] SUMAC, Entrada Núm. 1 en SA2024CV00083.
[4] SUMAC, Entrada Núm. 125[pág. 11] en SA2024CV00083.
[5] SUMAC, Entrada Núm. 139 en SA2024CV00083

Resolución Interlocutoria del 13 de mayo de 2025. En la misma solicita que se deje sin efecto la Resolución antes mencionada.

Luego de varias prorrogas otorgadas, el 25 de agosto del corriente, la codemandada y demandante de coparte y de tercero, Aerostar Airport Holdings, LLC, presento su Oposición a Moción de Reconsideración de la Resolución Interlocutoria del 13 de mayo presentada por HDI Global Insurance Company.

El Tribunal luego de examinar la posición de ambas partes, declara no ha lugar, a la Moción De Reconsideración De La Resolución Interlocutoria del 13 de mayo De 2025, presentada por HDI Global Insurance Company.(*sic*)[6]

Aun inconforme, HDI presentó el recurso de *certiorari* ante nuestra consideración, en el cual señala los siguientes errores:

PRIMER SEÑALAMIENTO: ERRÓ EL TPI AL RESOLVER UNA MOCIÓN DE DESESTIMACIÓN QUE SE HABÍA TORNADO ACADÉMICA POR LA ALEGACIONES CONTRA TERCERO ENMENDADAS POSTERIORMENTE, LA ALEGACIÓN RESPONSIVA DE LA PATICIONARIA Y POR LAS PROPIAS ÓRDENES del FORO A QUO.

SEGUNDO SEÑALAMIENTO: ERRÓ EL TPI AL CONCEDER EL REMEDIO ÚLTIMO DE LA DEMANDA CONTRA TERCERO MEDIANTE UNA RESOLUCIÓN PARA DENEGAR UNA MOCIÓN DE DESESTIMACIÓN QUE SE HABÍA TORNADO ACADÉMICA.

TERCERO SEÑALAMIENTO: ERRÓ EL TPI AL CONCEDER EL REMEDIO ÚLTIMO SOLICITADO POR AEROSTAR SIN QUE EXISTA UN CONTRATO O ACUERDO ESCRITO QUE REQUIERA PROVEERLE COBERTURA PRIMARIA Y SIN CONSIDERAR LA EXCLUSIÓN DE RECLAMACIONES POR DAÑOS CAUSADOS POR ACCIONES U OMISIONES DEL ASEGURADO ADICIONAL.

Procedemos a resolver sin tramite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7 (B) (5), la cual nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

---

[6] SUMAC, Entrada Núm. 155 en SA2024CV00083.

**II**

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders et al. v. BBVAPR, supra.* De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para **revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia**, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una **resolución** u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias

específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[7] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[8]

**III**

En el caso ante nuestra consideración la parte peticionaria nos plantea que incidió el foro primario al resolver una moción de desestimación que se había tornado académica por las alegaciones contra tercero enmendadas posteriormente, la alegación responsiva de la peticionaria y por las propias órdenes del foro a quo, añade que el TPI se equivocó al conceder el remedio último de la demanda contra tercero mediante una resolución para denegar una moción de desestimación que se había tornado académica, y señala que el foro primario erró al conceder el remedio último solicitado por Aerostar sin que exista un contrato o acuerdo escrito que requiera proveerle cobertura primaria y sin considerar la exclusión de reclamaciones por daños causados por acciones u omisiones del asegurado adicional.

---

[7] *IG Builders et al. v. BBVAPR*, *supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[8] 32 LPRA Ap. V, R. 52.1.

Nos corresponde evaluar, en primer lugar, si el recurso ante nuestra consideración versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. Al tratarse de una resolución interlocutoria, tenemos jurisdicción bajo la Regla 52.1 de Procedimiento Civil, *supra*. Ahora bien, en segundo lugar, debemos analizar el asunto que se plantea ante nos tomando en consideración los criterios establecidos en Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Luego de examinar el recurso ante nuestra consideración, y los planteamientos expuestos por la parte peticionaria, no vemos presente alguno de los criterios esbozados en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Es decir, no nos enfrentamos ante supuesto donde el foro primario, hubiesen actuado con prejuicio, parcialidad o con error craso y manifiesto. De igual forma, somos del criterio que no se justifica nuestra intervención en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del recurso de C*ertiorari* para que continúen los procedimientos del manejo del caso ante el foro primario.

### IV

Por los fundamentos que anteceden, se declara no ha lugar la *Moción en Auxilio de Jurisdicción* y denegamos expedir el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones